IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cv. No. 05-2066-B/V |
| vs. | ) | Cr. No. 00-20056-B(G) |
| | ) | |
| O'RANE M. CORNISH, SR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

_____

ORDER DENYING MOTION FOR RECONSIDERATION
ORDER GRANTING LEAVE TO AMEND
ORDER DIRECTING DEFENDANT TO SHOW CAUSE WHY THE MOTION
SHOULD NOT BE DENIED AS UNTIMELY
AND
ORDER DIRECTING UNITED STATES TO RESPOND

_____

Defendant O'Rane M. Cornish, Sr., Bureau of Prisons inmate registration number 17293-076, who was, at the time he commenced his action, an inmate at the Federal Correctional Institution in Oakdale, Louisiana, filed a pro se motion pursuant to 28 U.S.C. § 2255 on January 24, 2005.

Since the commencement of this action, Cornish has filed several motions. On January 3, 2006, the Defendant filed a motion for leave to add a claim under Brady v. Maryland, 373 U.S. 83 (1963). On January 25, 2006, the Defendant filed a motion for leave to exceed the page limitations in connection with a memorandum he seeks to file in

support of his proposed Brady claim.[1] That motion was denied on February 1, 2006. On February 8, 2006, the Defendant filed a motion for reconsideration of his motion to exceed the page limitation. On February 15, 2006, the Defendant filed a memorandum in support of his proposed Brady claim. As the text of that memorandum is in compliance with the local rule, the motion for reconsideration is DENIED as moot. The motion for leave to amend is GRANTED.[2]

On March 15, 2000, a federal grand jury returned a ten-count indictment against Cornish. The first count charged Cornish with wire fraud, in violation of 18 U.S.C. § 1343. Counts two through eight charged Cornish with money laundering, in violation of 18 U.S.C. § 1957. Count nine charged Cornish with bank fraud, in violation of 18 U.S.C. § 1344. Count ten charged Cornish with making a false statement on a loan application, in violation of 18 U.S.C. § 1014.

A jury trial commenced on February 5, 2001 before then-District Court Judge Julia Smith Gibbons. On August 30, 2001, Judge Gibbons denied Cornish's motion for a new trial based upon newly discovered evidence. On February 8, 2001, the jury returned a guilty verdict on all counts. Judge Gibbons conducted a sentencing hearing on August 31, 2001, at which time the Defendant was sentenced to seventy-one (71) months imprisonment, to be followed by a three-year

---

[1] Pursuant to Local Rule 7.2(e), memoranda in support of or in opposition to motions shall not exceed 20 pages without prior court approval. Cornish sought to exceed that limitation by 35 pages.

[2] In order to avoid any misunderstanding, the Court has granted leave to amend solely to make clear that, at the present time, the Brady issue is under consideration. As stated infra, the Court has serious concerns about the timeliness of the original motion and the proposed amendment.

period of supervised release. The judge also imposed restitution in the amount of $427,190.68. Judgment was entered on September 7, 2001. The United States Court of Appeals for the Sixth Circuit affirmed. United States v. Cornish, 68 Fed. Appx. 557 (6th Cir. June 12, 2003).

In his original motion, which was filed on January 24, 2005, Cornish contends that he is entitled to a new sentencing hearing in light of the Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296, and United States v. Booker, 543 U.S. 220 (2005). In his amendment, which was filed on January 3, 2006, Cornish raises a Brady issue.

The first issue to be considered is the timeliness of this motion. Paragraph 6 of 28 U.S.C. § 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of—
>
>     (1)  the date on which the judgment of conviction becomes final;
>
>     (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>     (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

"[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review." Johnson v. United States,

3

246 F.3d 655, 657 (6th Cir. 2001). The Supreme Court has held that, for purposes of postconviction relief, "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003). In this case, the Sixth Circuit affirmed Cornish's conviction on June 12, 2003, and the time for filing a petition for a writ of certiorari with the Supreme Court expired ninety days later, on September 10, 2003. The running of the § 2255 limitations period commenced running on that date, and it appears to have expired one year later, on September 10, 2004. This motion was purportedly signed on January 14, 2005 and, even if it were deemed to have been filed on that date, Houston v. Lack, 487 U.S. 266 (1988); Miller v. Collins, 305 F.3d 491, 497-98 & n.8 (6th Cir. 2002); Towns v. United States, 190 F.3d 468, 469 (6th Cir. 1999) (§ 2255 motion), it would appear to be clearly time barred.[3]

As previously mentioned, on January 3, 2006, when this matter had been pending for almost one year, Cornish filed a motion for leave to add a claim under Brady v. Maryland. Cornish filed a

---

[3] Section 2255, ¶ 6 provides that the limitations period begins to run from the latest of the four specified circumstances. Cornish presumably contends that the third subsection is applicable here, and that the limitations period for his Blakely and Booker claim commenced running on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In Tyler v. Cain, 533 U.S. 656, 662 (2001), the Supreme Court held that a new rule is "made retroactive to cases on collateral review" only if the Supreme Court holds it to be retroactively applicable to cases on collateral review. Because the Supreme Court did not hold that Blakely and Booker are retroactively applicable to cases on collateral review, the third subsection is inapplicable. Therefore, it appears that the limitations period began to run when Cornish's conviction became final.

4

memorandum in support of that motion on February 15, 2006. Because this proposed amendment was filed well after the expiration of the one-year statute of limitations applicable to § 2255 motions, it is first necessary to consider whether the amendment relates back to the filing of the original motion (which was, as previously discussed, itself untimely). The Supreme Court has held that "[a]n amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle v. Felix, 125 S. Ct. 2562, 2566 (2005). However, "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." Id. at 2574. In this case, the Brady claim asserted in the amendment challenges the guilty verdict, whereas the Blakely and Booker claim in the original motion challenges the Defendant's sentence. Accordingly, it appears that the Brady claim does not relate back to the date of filing the original § 2255 motion.

In this case, the fact that the Brady claim does not relate back does not conclusively establish that it is untimely. Pursuant to ¶ 6(4) of § 2255, the running of the limitations period may commence on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." See supra p. 3. Thus, under that provision, the proposed amendment would be timely if the "new evidence" presented could not have been discovered through the exercise of due diligence prior to December 29, 2004, one year prior to the date on which the Defendant

5

purportedly signed the motion to amend. The Defendant's motion to amend, and the supporting memorandum, do not address the timeliness issue, including the date on which he discovered his purported new evidence and the date on which he discovered that evidence was in the possession of the Government. The Court strongly suspects, however, that the "new evidence" presented in the Defendant's Brady claim is the same "new evidence" obtained from the files of his deceased former attorney, that formed the basis for the Defendant's motion for a new trial. See Memorandum in Support (D.E. 6) at 5-6. If that is so, the Brady claim would appear to be untimely.

The Supreme Court's recent decision in Day v. McDonough, 126 S. Ct. 1675, 1684 (2006), authorizes district courts to raise the statute of limitations sua sponte. Nonetheless, district courts must afford the parties notice and an opportunity to be heard, id., and may not override the Government's decision deliberately to waive a statute of limitations defense, id. at 1679, 1685-85 & n.11.[4] Accordingly, the Defendant is ORDERED to show cause, within thirty (30) days of the date of the entry of this order, why this motion should not be dismissed in its entirety as untimely. The Defendant may, at his option, also present any argument why the limitations period should be equitably tolled. The Defendant is advised that any factual assertions must be made in an affidavit or a declaration sworn to under penalty of perjury, pursuant to 28 U.S.C. § 1746.

---

[4]    Although Day involved a state prisoner's petition pursuant to 28 U.S.C. § 2254, there would appear to be no reason not to apply the same rule to § 2255 motions by federal prisoners.

The Government is directed to respond to the Defendant's <u>Brady</u> issue within thirty (30) days of the date of filing of the Defendant's response to the order to show cause. At its option, the Government may also address any other issue in this case, including the timeliness of the motion.

The Clerk shall provide a copy of the motion in this cause and this order to the United States Attorney for the Western District of Tennessee.

IT IS SO ORDERED this 26th day of September, 2006.

<u>s/ J. DANIEL BREEN</u>
UNITED STATES DISTRICT JUDGE