IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ◊ | |
| | ◊ | |
| Plaintiff, | ◊ | |
| | ◊ | Cv. No. 05-2066-STA-dkv |
| vs. | ◊ | Cr. No. 00-20056-JDB(JSG) |
| | ◊ | |
| O'RANE M. CORNISH, SR., | ◊ | |
| | ◊ | |
| Defendant. | ◊ | |
| | ◊ | |

---

ORDER GRANTING MOTION FOR A STATUS REPORT
ORDER DENYING DEFENDANT'S MOTION TO CORRECT HIS ADDRESS
ORDER GRANTING DEFENDANT'S MOTION FOR COPIES OF RETURNED ORDERS
AND
ORDER DENYING MOTION TO REOPEN TIME TO FILE A NOTICE OF APPEAL

---

The Court issued an order on February 5, 2009 that, <u>inter alia</u>, denied the motion pursuant to 28 U.S.C. § 2255 filed by Defendant O'Rane M. Cornish, Sr., denied a certificate of appealability, and certified that an appeal would not be taken in good faith. (Docket Entry ("D.E.") 23.) Judgment was entered on February 11, 2009. (D.E. 25.) On March 5, 2009, Defendant filed a motion, entitled "Motion for Twenty Day Extension of Time to File

a Motion for Reconsideration of the Order of 2/5/2009." (D.E. 26.)[1] On May 1, 2009, the Court denied that motion. (D.E. 27.)[2]

On August 18, 2009, Defendant filed a motion, entitled "Motion for Re/Entry [sic] of the Denial Order of February 5, 2009" (D.E. 29), which sought an order re-entering the order denying Defendant's motion pursuant to 28 U.S.C. § 2255, presumably to enable Defendant to file a notice of appeal. (D.E. 29.)[3] In that motion, Defendant argued that the Court did not have the authority to take any action in this case until August 5, 2009, when the United States Court of Appeals for the Sixth Circuit issued its order dismissing Defendant's appeal of an order issued in the criminal case. United States v. Cornish, No. 08-5710 (6th Cir.). The Court denied that motion in an order issued on August 28, 2009. (D.E. 30.)[4]

On September 8, 2009, Defendant filed a motion, entitled "Motion for an Order To: 1. Require the Clerk of Court to Correct the Mailing Address Consistent with the Notice of Change of Address Filed May 9, 2006; 2. To Properly Serve, or Re-Mail All Letter Mails Returned." (D.E. 31.) On October 8, 2009, Defendant filed a

---

[1] Defendant's copy of the dismissal order was returned by the post office on February 9. 2009, stamped "ATTEMPTED NOT KNOWN." (D.E. 24.) The document filed by Defendant on March 5, 2009, did not disclose his current address. Pursuant to Fed. R. Civ. P. 11(a), every paper filed with the Court "must state the signer's address, e-mail address, and telephone number."

[2] Defendant's copy of that order was returned by the post office on May 8, 2009, stamped "ATTEMPTED NOT KNOWN." (D.E. 28.)

[3] Once again, Cornish's motion did not include his current address and telephone number.

[4] That order was not returned by the post office, so it was, presumably, delivered.

motion, entitled "Motion For Status Report; Or Alternatively, For A Ruling On Motion Filed September 8, 2009." (D.E. 32.)[5] For good cause shown, the motion for a status report or ruling is GRANTED. This order constitutes the ruling on the motion.

In the motion filed on September 8, 2009, Defendant asks that his address be corrected and copies of the dismissal order and judgment be mailed to him at his corrected address. Defendant also asks the Court to vacate the judgment and enter a new judgment, thereby resetting the time for filing a notice of appeal. Defendant's motion is premised on the fact that the mailing labels on the envelopes transmitting the dismissal order and judgment record his name as "O'Rane Cornish," rather than "O'Rane M. Cornish, Sr." Defendant's copies of the dismissal order and of the order denying his first motion for reconsideration were returned by the post office with the notation "ATTEMPTED NOT KNOWN." See supra p. 2 nn.1 & 2. The judgment, which was mailed separately, was not returned by the post office.

Contrary to Defendant's suggestion, the dismissal order was served on him. A copy of that order was mailed to Defendant at his address of record under the name "O'Rane Cornish." Each and every order issued in this case was mailed in an envelope addressed to "O'Rane Cornish" and, with the two exceptions previously

---

[5] This motion does not include Cornish's current address and telephone number. The mailing envelope also contains no return address. (See id. at 4.)

mentioned, those orders were delivered.[6] Defendant received actual and timely notice of the issuance of the dismissal order when he received the judgment in the mail. The March 5, 2009, motion for an extension of time to file a motion for reconsideration (D.E. 26) did not complain that Defendant did not timely receive notice of the dismissal. Defendant also did not make any such claim when he filed his first motion on August 18, 2009, asking the Court to reenter the judgment. (D.E. 29.) Although it cannot be determined why the dismissal order (but not the judgment) was returned, the most likely explanation is an error by the postal service. The motion to correct Defendant's address is DENIED. The motion for copies of the orders that were returned by the post office is GRANTED. The Clerk is directed to mail Defendant copies of the orders issued on February 5, 2009, and May 1, 2009.

      Defendant also seeks an extension of time to file a notice of appeal. The time for filing a notice of appeal of an order denying a § 2255 motion is governed by Rule 4(a) of the Federal Rules of Appellate Procedure. Rule 11(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Under Fed. R. App. P. 4(a)(1)(B), a notice of appeal must be filed within sixty (60) days after the judgment or order appealed from is entered. Motions to reopen the time to file a notice of appear are governed by Fed. R. App. P. 4(a)(6), which provides as follows:

---

[6] The docket sheet reflects Defendant's name as "O'Rane M. Cornish, Sr." The Court uses a labels program that automatically generates a mailing label for all orders. That program omits middle initials and suffixes.

>        The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
>            (A)  the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
>            (B)  the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 44(d) of the entry, whichever is earlier; and
>
>            (C)  the court finds that no party would be prejudiced.

The requirements for reopening the time to appeal have not been satisfied in this case. First, the motion was filed more than one hundred eighty (180) days after the entry of judgment and, for that reason alone, the Court cannot reopen the appeal period. Second, Cornish does not dispute that, at a minimum, the judgment was served on him pursuant to Fed. R. Civ. P. 77(d), which is sufficient to put him on notice of the need to file an appeal. Third, Cornish's conduct after the entry of judgment makes clear that he had actual notice of the contents of the dismissal order within the time for filing a timely notice of appeal. The motion to reopen the time to file a notice of appeal is DENIED.

IT IS SO ORDERED this 30th day of July, 2010.

>                           **s/ S. Thomas Anderson**
>                           S. THOMAS ANDERSON
>                           UNITED STATES DISTRICT JUDGE